IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| ANGELA HEATH, individually and on behalf of The Estate of RANDY HEATH, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| MIAMI-DADE COUNTY, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Angela Heath, individually as the surviving mother of Randy Heath, ("Heath") deceased and on behalf of the Estate of Randy Heath deceased, complaining of Defendant Miami-Dade County, specifically Turner Guilford Knight Correctional Center ("Defendant" or "TGKCC") and for cause of action will respectfully show unto this Honorable Court as follows:

## I.

## NATURE OF THE ACTION

1.      This is an action brought by the Plaintiff against Defendant Miami-Dade County, specifically, Turner Guilford Knight Correctional Center, for its failure to render medical aid and attention in the face of known, serious medical emergency, resulting in the death of Randy Heath under the color of law in violation of his individual rights under the Eighth Amendment of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983. Furthermore, Plaintiff is entitled to recover damages arising from the decedent's wrongful death

as applied under 42 U.S.C § 1983 and all other applicable laws complaining of the various acts listed below and for their wrongful death cause of action. Defendant knew Heath faced a substantial risk of serious medical harm but failed to timely render medical assistance. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks to hold the Defendant responsible and to compensate her for her damages and the wrongful death of Heath.

2.      Due to the neglect by the Defendant, and its failure to assist Heath, despite an obvious need to do so, Heath became nonresponsive and subsequently died. The Defendant had a duty to provide adequate medical care for Heath, while he was in its custody and care, but failed to do so. The Defendant was deliberately indifferent to Heath's known medical issues, both in violation of his Eight and Fourteenth Amendments rights under the United States Constitution secured pursuant to 42 U.S.C. § 1983.

3.      These violations were committed because of the policies and/or customs or lack thereof of the Defendant.  The Plaintiff alleges that Defendant had a duty, but failed to implement, adequately train and enforce such policies, practices and procedures for TGKCC that respected Heath's constitutional rights to protection and equal treatment under the law.

4.      Plaintiff brings this action for the wrongful death of Heath, and on behalf of the estate of Randy Heath for the pain and suffering Heath experienced prior to his death.

5.      Plaintiff herein complies with the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009) that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

**II.**

6.      Angela Heath, the surviving mother of the Decedent, is a citizen of the United States and a resident of Miami, Florida.  Angela Heath is the biological mother of the Decedent.

7.      Angela Heath brings this wrongful death action and survival action on behalf of the Estate of Randy Heath.  Decedent's estate had no debts at the time of his death, no real property, and no children.  Thus, Angela Heath qualifies as an heir entitled to sue on behalf of the Estate of Randy Heath.

8.      Defendant Miami-Dade County, specifically Turner Guilford Knight Correctional Center, is in Miami, Florida. This facility is operated by the Miami-Dade Corrections and Rehabilitation Department's (MDCR) and houses adult men and women—both misdemeanor and felony inmates—who have been arrested by local county or municipal law enforcement. The MDCR is a County Department that serves all Miami-Dade County's 30 municipal police departments, the county police department (MDPD), as well as state agencies. It is the seventh largest county jail system in the United States but is still often referred to by its former name, DCJ for Dade County Jail. Defendant Miami-Dade County may be served with citation herein by and through its agent for service of process, Daniella Levine Cava, Mayor, 111 NW 1st Street, Miami, Florida 33128.      Additional service is being made on _____.

**III.**

**JURISDICTION AND VENUE**

9.      Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Eighth Amendment of the United States Constitution and

42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to decedent Heath, by constitutional and statutory provisions.

10.    This Court also has pendant jurisdiction over all other claims asserted under the laws of the State of Florida pursuant to 28 U.S.C. §1367(a).

11.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 because the Defendant is domiciled in the Southern District of Florida and all or a substantial part of the incidents, events and occurrences giving rise to this action accrued in the Southern District of Florida.

**IV.**

**FACTS COMMON TO ALL CAUSES OF ACTION**

12.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth herein in this cause of action.

13.    Randy Heath weighed close to two hundred pounds when he was arrested and booked into Turner Guilford Knight Correctional Center. Upon information and belief, Heath, despite the obvious need for help, did not receive adequate medical care that eventually led to his painful death. Heath was not receiving his medication; he was not being properly fed and was not adequately monitored by the Defendant.

14.    According to multiple witnesses, Heath was clearly being neglected and mistreated by the prison employees and was allowed to endure a slow and painful death without any attempts by the Defendant to prevent it.  Heath's autopsy report revealed he weighed almost one hundred pounds when he died July 18, 2021.  When Heath was booked into TGKCC, he was able to *communicate, despite his medical challenges, he was able to bathe himself, shave and*

*communicate with the guards. Towards the end of his life, you could see a really harrowing picture of a shell of a person.* Heath was bipolar and schizophrenic. He was regularly prescribed medication for his mental illnesses, but his toxicology report revealed no medications were detected in his body at the time of his death.

15.     Heath's condition deteriorated while he was at TGKCC. Heath was not provided adequate medical attention and/or care, despite the obvious need for it.  According to witnesses, Heath was left on the floor unattended for hours and *at a time in his own urine and feces.* Based on our review of medical records, there is no indication Heath was taken to an actual hospital to provide him with the proper medical attention.







16.     The medical examiner concluded Heath died from *"food asphyxia"* after a large piece of orange was found blocking his airway. But a review of the medical records revealed no mention of pica and according to his family, he did not eat pica. Clearly, Heath was suffering and being unattended to well before he allegedly died from food asphyxia.  There was no indication as to how and why the bruising on Heath's body existed.  Due to the actions of Defendant, the lack of urgency and the lack of responsiveness by TGKCC when every second counted, Heath endured a period of pain and suffering.  The Jail Personnel were not equipped to deal with Heath, and they failed to take Heath to the hospital where he could have been saved.

17.     The U.S. Supreme Court has consistently stated for some time that there is an obligation to provide adequate medical care to detainees and prisoners. The source of that obligation stems from the Eighth Amendment to the U.S. Constitution, and its prohibition on "cruel and unusual" punishment. As a result of the cruel and unusual treatment, Heath experienced severe and excruciating pain. As a result of TGKCC's failure to render proper medical aid and attention to Heath, he died. Heath suffered extreme and severe mental and emotional distress, agony, and anxiety.

18.     As a direct and proximate result of the Defendant's conduct, the Plaintiff has sustained substantial damages and pecuniary loss.

19.     Heath was thirty-nine (39) years old when the Defendant caused his death.  Heath was in good health, with a reasonable life expectancy of living at least 40 more years to age 79.

20.     The Plaintiff has suffered pecuniary losses from the death of Heath by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.  The Plaintiff will suffer

anguish, grief, and sorrow as a result of Heath's death and is likely to continue to suffer for a long time in the future. The closeness of Plaintiff's relationship with Heath is demonstrated in many ways including the time they spent together, and the things Heath did for his Mother. For these losses, the Plaintiff seeks damages in a sum in excess of the minimum jurisdictional limits of the court.

## V.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
### Violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983

21.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought herein in this cause of action. Plaintiff would show that Defendant's actions on the occasion in question were wrongful in depriving Heath of his constitutional rights, as alleged more fully below.

**A.     Failure to implement medical policy as required by Florida law.**

22.     Plaintiff would show that at all times material hereto, Defendant was aware that Heath was in a distress situation and was having difficulties breathing. Heath advised Defendant on multiple occasions that he was not feeling well but was ignored. Defendant knew of Heath's medical needs but failed to and/or refused to provide Heath with the required care. Defendant's failure to provide Heath with timely medical attention resulted in Heath's death.

**B.     The denial of medical care to Heath.**

23.     Consistent with its failure to implement medical policy, TGKCC violated 42 U.S.C. § 1983 when its governmental officials acted or failed to act with subjective deliberate

indifference to Heath's serious medical needs.  Deliberate indifference exists when the official or officials refuse to treat the Plaintiff, ignore medical complaints, or intentionally provide the incorrect medical treatment.  It was clearly established at the time that a prisoner has a constitutionally protected right to be free from a prison official's deliberate indifference to a prisoner's serious medical needs.

24.     The Fourteenth Amendment guarantees pretrial detainees a right "not to have their serious medical needs met with deliberate indifference on the part of the confining officials. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976).

25.     Heath had a constitutional right to medical care under the Fourteenth Amendment while in Defendant's custody.  Refusing to treat a prisoner's complaints can give rise to Section 1983 liability.

26.     Deliberate indifference is shown when a plaintiff properly alleges that officials "refused to treat him ... or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

27.     Defendant failed to follow proper medical guidelines by refusing to get Heath the needed attention. Despite being aware that Heath required medical attention, Heath's pleas for medical attention were ignored by Defendant.

28.     Defendant's refusal to treat Heath and ignoring his condition were acts of subjective deliberate indifference that caused an unconstitutional delay in medical treatment which caused Heath's death.

29.     The Fourteenth Amendment guarantees arrestees/detainees a right "not to have their serious medical needs met with deliberate indifference on the part of the confining officials. *Id.*

30.     Heath had a constitutional right to medical care under the Fourteenth Amendment while in Defendant's custody.

31.     An official's actual knowledge of a substantial risk may only be inferred if the "substantial risk" was obvious. *Easter*, 467 F.3d at 463.

32.     Deliberate indifference is shown when a Plaintiff properly alleges that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

33.     The Defendant Officers failed to follow proper medical guidelines by refusing to get the Decedent the needed immediate attention. Despite being aware that Heath required immediate medical attention.

34.     Defendant's refusal to treat Heath and ignoring his repeated pleas and complaints were acts of subjective deliberate indifference that caused an unconstitutional delay in medical treatment which caused Heath's death.

**The Defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed.**

35.     The Defendant was aware of and ignored obvious indicia of a risk of serious harm, specifically including but not limited to, the fact that Heath was in a skeleton state of appearance, that his body was limp, and he could not stand or walk.

36.     Thus, the Defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed.

**The Defendant actually drew that inference.**

37.     The Defendant actually drew this inference because they acknowledged medical issues.  Furthermore, they knew he could not stand on his own and had lost over one hundred pounds in a very short period of time.

38.     Further, the Defendant's actual knowledge of the substantial risk can be inferred because it was so obvious, and the need was so apparent that even laymen would recognize that care is required – as Heath could not move.  Thus, the Defendant actually drew the inference that a substantial risk of serious harm existed.

39.     Accordingly, the Defendant was deliberately indifferent to Heath's health and safety because they "refused to treat him ... or [they] engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs" by not providing first aide or summoning *immediate* medical care for Heath.

40.     Failing to promptly call for emergency assistance in the face of known, serious medical emergencies violate the Constitution.  The Defendant knew Heath faced a substantial risk of serious medical harm and failed to take reasonable measures to abate that risk.  Instead of assisting Heath, they allowed Heath to experience a slow and painful death.

## Causation

41.     As a direct result of the Defendant failing to provide first aide and immediate medical care and attention to Heath, he suffered physical injury, pain, mental anguish, and death for which Plaintiff sues herein.

42.     These injuries were not caused by any other means.

43.     Further, the Defendant's conduct violated a clearly established constitutional right— deliberate indifference to a detainee's serious medical needs—that was clearly

established well before TGKCC detained Heath. It was clearly established law at the time of the incident that failing to render aid or to call for emergency assistance in response to a serious threat to an inmate's life constitutes deliberate indifference.

44.     As a result of these Constitutional violations to Heath, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

**SECOND CAUSE OF ACTION**
**FAILURE TO ADEQUATELY SUPERVISE OR TRAIN**
**42 U.S.C. § 1983 Violation of the Fourth Amendment**

45.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

a. Failure to Train

46.     Defendant directly caused the constitutional violations suffered by the decedent and is liable for the damages suffered as a result of the conduct of the defendant employees and/or agents of TGKCC. The conduct of TGKCC and its employees was a direct consequence of the policies and practices of TGKCC.

47.     At all times relevant to this Complaint, Defendant TGKCC, acting through its employees and/or agents, had policies, practices, customs and usages which refused to properly train, monitor, supervise or ensure staff and/or agents or utilize a proper protocol for protecting detainees with preexisting medical conditions by ignoring substantial risks of serious harm and failing to prevent harm to detainees.

48.     As a result of the above-described policies and customs, TGKCC's employees and/or agents believed that their actions and/or inaction would not be properly monitored by

supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

49.     TGKCC failed to provide its employees with the proper training required to provide detainees with proper medical treatment. TGKCC did not have any adequate policies and/or training in place regarding the rendering of medical assistance to detainees in medical distress. TGKCC's failure to provide adequate training to its employees regarding the need to render proper medical treatment and/or attention to injured detainees reflects deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that made the violations of Heath's constitutional rights, a reasonable probability.

50.     TGKCC and its employees knew of the risk of harm that they were enhancing by failing to provide medical treatment and/or by delaying such treatment.

51.     TGKCC's delay in providing medical treatment reflects deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that made the violations of Heath's constitutional rights a reasonable probability.

52.     The wrongful policies, practices, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of TGKCC, through its employees and agents, to the constitutional rights of persons needing medical care while in its custody and were the direct and proximate cause of the violations of Heath's rights alleged herein.

53.     Heath's injuries, and ultimately his death, were caused in substantial part by these widespread policies, practices, and procedures promulgated by TGKCC. These policies, practices, and procedures or lack thereof, were the cause of Heath's death.

b. Failure to Supervise

54.     Additionally, in a § 1983 claim for failure to supervise or train, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."

55.     "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists.

56.     TGKCC was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed because they were aware of Heath's deteriorating condition.

57.     However, despite this information, TGKCC did not check on Heath, and did not instruct its employees to summon medical personnel to ensure that Heath was okay.

58.     As a result, TGKCC was deliberately indifferent in failing to supervise its employees.

59.     Finally, there existed a causal link between TGKCC's failure to supervise and the violation of Heath's rights. Had TGKCC taken steps to ensure its employees and/or agents provided Heath with immediate medical care instead of simply ignoring his complaints, Heath would not have continued to suffer and ultimately died.

60.     As a result of these Constitutional violations to Heath, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## THIRD CAUSE OF ACTION
### NEGLIGENCE

61.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count.

62.     Defendant owed Heath a duty to act reasonably, and exercise reasonable care in providing medical care to him while he was in their custody.

63.     Defendant knew or should have known that:  (a) Heath was seriously ill, was in a distressed situation and needed immediate medical attention; (b) ignoring his heavily labored breathing and requests to go to the hospital would be detrimental to his health; (c) Heath's distressed situation was evidenced by the fact that he pleaded for their help, advised that he could not breathe and had lost a significant amount of weight,  all of which was known to the Defendant.

64.     Defendant had a legal duty to provide Heath with adequate medical care considering that he was in distress.

65.     Defendant negligently and/or recklessly, breached its legal duties to Heath, causing his death.

66.     Defendant breached its duty by failing to take Heath directly to a hospital; failing to provide Heath with adequate and reasonable medical care and failing to adequately monitor Heath while he was in Defendant's custody, among other breaches of duty.

67.     Defendant's breaches of its duties were direct and proximate causes of the harm to Heath, and his suffering and death.

68.     Heath did not contribute to the Defendant's conduct set forth herein.

## FOURTH CAUSE OF ACTION
### WRONGFUL DEATH

70.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

71.     Plaintiff Angela Heath is Randy Heath's biological mother.

72.     By reason of Defendant's deliberate indifference in failing to provide medical care to Heath, Defendant is liable for damages.

73.     To recover on a wrongful death claim under 42 U.S.C. § 1983, a plaintiff who has standing must show both (1) the alleged constitutional deprivation required by 42 U.S.C. § 1983 and (2) the causal link between the defendant's unconstitutional acts or omissions and the death of the victim.

74.     Defendant's deliberate indifference, as described herein, caused the death of Heath, which violated his constitutional rights under the Fourteenth Amendment.

75.     Defendant's conduct that caused Heath's death was a producing cause of injury, which resulted in the following damages: loss of a family relationship, love, support, services, emotional pain and suffering, and Defendant is liable for its acts and infliction of emotional distress caused by the wrongful death of Randy Heath.

76.     Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## FIFTH CAUSE OF ACTION
### SURVIVAL ACTION

77.     Plaintiff repeats and re-alleges each and every allegation contained in the  above

paragraphs as if fully repeated herein.

78.     Heath died because of the Defendant's wrongful conduct.

79.     Randy Heath would have been entitled to bring this action against the Defendant if he had lived.

80.     The Decedent's right of action for wrongful conduct against the Defendant survives in favor of the estate of the deceased.

81.     The Defendant is liable to the Estate of the deceased for the loss of Randy Heath's life, pain and suffering, and the violation of his civil rights.

82.     Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## VI.

## DAMAGES

83.     **Actual damages.** Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

84.     Defendant's acts and/or omissions were a proximate cause of the following actual damages suffered by Plaintiff, and Defendant should be held liable for the following damages:

a.     **Estate of Randy Heath (Survival Claim).**
   1.     Conscious pain and mental anguish suffered by Randy Heath prior to his death;
   2.     Funeral and burial expenses; and

b.     **Angela Heath (as wrongful death beneficiary of Randy Heath).**
   1.     Mental anguish—the emotional pain, torment, and suffering experienced by Angela Heath because of the death of Randy Heath—that Angela Heath sustained in the past and that she will, in reasonable probability, sustain in the future;
   2.     Loss of companionship and society—the loss of the positive benefits flowing from the love, comfort, companionship, and society that Angela Heath would have received from Randy Heath had he lived—that Angela Heath sustained in the past and that she will, in reasonable probability, sustain in the future;

3. Pecuniary loss—loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Angela Heath would have received from Randy Heath had he lived—that Angela Heath sustained in the past and that she will, in reasonable probability will sustain in the future.

4. Pre- and post-judgment interest at the highest rate permitted by State and Federal law.

85. Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the court.

## VII.
## COSTS AND ATTORNEY FEES

86. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiff requests the Court to award costs and attorney fees incurred in the Plaintiff's prosecution of this litigation.

Respectfully submitted,


**ATTORNEYS FOR PLAINTIFFS**

SIMMONS, FINNEY & WINFIELD, LLC
1961 S.W. Park Place, Suite 202
Port St. Lucie, FL 34983
Phone: (772) 873-5900
By: _____
Linnes Finney, Jr., Esquire
Florida Bar No.: 353671
Email: lfinney@sfwlegalteam.com
Alt. Email: pbarletta@sfwlegalteam.com


Local Counsel

And

WASHINGTON LAW FIRM
325 N. St. Paul, Suite 3950

Page 20

Dallas, TX  75201
Phone:  214-880-4883

By: *Daryl K. Washington*
(pending pro hac admission)
Daryl K. Washington, Esquire
Texas Bar No.:
Email: dwashington@dwashlawfirm.com
(pending pro hac admission)